UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROLAND GRAHAM

Civil Action No.: 26-cv-3852

Plaintiff

-v-

COMPLAINT

UNITED STATES SMALL BUSINESS ADMINISTRATION, and KELLY LOEFFLER, IN HER OFFICIAL CAPACITY AS ADMINISTRATOR OF THE U.S. SMALL BUSINESS ADMINISTRATION,

Defendant
-------------------------------------------------------------------------X

The plaintiff ROLAND GRAHAM ("Graham" and/or "Plaintiff") by his attorney, Michael A. Markowitz, P.C., files this Petition and Complaint for Judicial Review of a decision issued by defendant United States Small Business Administration (the "SBA") and alleges as follows:

**THE PARTIES**

1. The plaintiff ROLAND GRAHAM was and is a person domiciled in the County of Nassau, State of New York, with an address of 1428 Bellmore Avenue, Bellmore, NY 11710.

2. The defendant UNITED STATES SMALL BUSINESS ADMINISTRATION is an independent federal agency located at 409 3rd Street, SW, Washington, DC 20416, with a branch located at 26 Federal Plaza Rm 3100, New York, NY 10278.

3. The defendant KELLY LOEFFLER has an address care of the SBA, 409 3rd Street, SW, Washington, DC 20416.

4. Upon information and belief, the defendant KELLY LOEFFLER is the administrator of the SBA and is being sued in her official capacity only.

## JURISDICTION AND VENUE

5. This is an action to review a final agency decision under the Administrative Proceedure Act (the "APA"), 5 USC §§ 701 – 706.

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

7. Regulation 13 C.F.R. § 134.1211(g), provides that the agency's "[f]inal decisions may be appealed to the appropriate Federal district court."

8. Upon information and belief, the SBA's decisions in this matter became final on May 20, 2026, when it held the following conclusions:

   - SBA has met its burden of proving the existence of a debt that Plaintiff owes to the SBA in the amount of $100,836.79 as of April 15, 2026; and,
   - Garnishment of Plaintiff's wages is warranted at this time for this debt; and,
   - The Administrative Wage Garnishment Proceedings may proceed pursuant to 13 C.F.R. § 140.11.

9. The Plaintiff has exhausted all administrative remedies, 13 C.F.R. § 134.1211(g), and SBA's issuance of the May 20, 2026 final decision constitutes a final agency action that is judicially reviewable under the APA.

10. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391(e) because Plaintiff is domiciled in this judicial district

11. This Court may grant declaratory relief, injunctive relief, and other appropriate relief pursuant to 28 U.S.C. § 2201-02 and 5 U.S.C. §§ 702-706.

**FACTUAL ALLEGATIONS**

A. Lender's discontinuance of the debt with prejudice.

12. On April 3, 2006, the First Niagara Bank (the "Lender") and a corporation known as RKR Construction (the "Corporation") entered into a loan agreement for a $50,000 line of credit (the "Loan"). As additional security for the loan, an individual known as Robert Kessler ("Kessler") and Graham executed a personal guaranty. A copy of the Loan (which includes the guaranty) is attached as Exhibit 1.

13. On May 27, 2006, the Lender requested and received a supplemental loan guarantee agreement from the SBA (the "Supplemental Loan Guarantee"). Despite language referencing execution prior to the Loan, the Lender executed Supplemental Loan Guarantee after entering into the Loan. A copy of the Supplemental Loan Guaranty is attached as Exhibit 2.

14. On February 5, 2009, the Lender by its attorney, Woods Oviatt Gilman, LLP, commenced an action against the Corporation, Kessler, and Graham in the Supreme Court of the State of New York, County of Erie, under index number 2009/1342 (the "New York State Action").

15. In the New York State Action, the Lender alleged that the Corporation violated the terms and conditions for the Loan. The Lender also alleged that Kessler and Graham are liable under the guaranty. A copy of the summons and complaint is attached as Exhibit 3.

16. Upon receipt of the complaint, the Corporation, Kessler, and Graham retained the firm of Citak & Citak for legal representation in the New York Action.

17. On April 6, 2010, the Lender filed a summary judgment motion against the Corporation,

Kessler, and Graham.

18. On November 8, 2010, the Honorable John A. Michalek, the Justice assigned to the New York Action, denied the Lender's motion for summary judgment.

19. On September 21, 2011, Lender's attorney prepared, executed, and delivered a stipulation to discontinue the New York State Action – <u>with prejudice</u> – that was executed by Graham's attorney, Citak & Citak, and filed with the Erie County Clerk on November 1, 2011. A copy of the stipulation of discontinuance, together with proof of filing, is attached as <u>Exhibit 4</u>.

B. <u>Disregarding Graham's Attorney for the Wage Garnishment and Hearing.</u>

20. Notwithstanding discontinuance of the underlying action, with prejudice, in the New York State Action, in or about February 2022, the SBA issued a wage garnishment notice against Kessler and Graham.

21. In response to the wage garnishment notice, on June 1, 2022, Graham by his attorney, Michael A. Markowitz, P.C. ("Markowitz"), sent a letter by certified mail to the SBA, giving notice that Graham was being represented by a lawyer, and demanded that "all future correspondence must be made through this office" (the "Markowitz Letter"). A copy of the Markowitz Letter, with enclosures, and executed return receipt, is attached as <u>Exhibit 5</u>.

22. The SBA acknowledged receipt of the Markowitz Letter four (4) years later, on April 14, 2026 (the "SBA Acknowledgment Letter"). The SBA delivered the SBA Acknowledgment Letter directly to Graham despite having received notice in the Markowitz Letter that a lawyer was representing him. A copy of the SBA

Acknowledgment Letter is attached as Exhibit 6.

23. On May 20, 2026, the SBA sent a garnishment hearing decision (the "SBA Hearing Decision"). Pursuant to the SBA Hearing Decision, SBA's Hearing Official, Lisa Hudson, determined that the SBA met its burden of proving the existence of the debt and that Graham owes $100,836.79 as of April 15, 2026.

24. The SBA Hearing Decision concluded by holding that this was a final agency decision. The SBA delivered the SBA Hearing Decision directly to Graham and not to his lawyer, Markowitz. A copy of the SBA Hearing Decision is attached as Exhibit 7.

**COUNT I**
**VIOLATION OF REGULATION 31 CFR § 285.11**
**(ADMINISTRATIVE WAGE GARNISHMENT)**

25. Plaintiff incorporates by reference the foregoing paragraphs with the same force and effect as if set forth herein.

26. Regulation 31 CFR § 285.11 (Administrative Wage Garnishment) allows an administration agency to garnish a debtor's disposable pay to satisfy a delinquent nontax debt owed to the United States. Pursuant to the regulation, an agency is required to give notice, provide for a hearing upon request, allow for the debtor to provide a defense, and timely issue a decision "as soon as practicable, but not later than sixty (60) days after the date on which the request for such hearing was received by the agency."

27. The SBA violated the regulation. Pursuant to the Markowitz Letter, Graham demanded that all future correspondence must be made through his attorney, Markowitz. Despite receiving the Markowitz Letter on June 13, 2022, the SBA waited approximately four (4) years to hold a hearing, in violation of 31 CFR § 285.11(f)(10).

28. The SBA also violated 31 CFR § 285.11(e) by delivering notice to Graham despite acknowledging that Graham was being represented by a lawyer, and despite having Markowitz's address, telephone number, email address and fax number pursuant to the Markowitz Letter.

29. Graham, having retained Markowitz for representation, and being an individual of advanced age and diminished mental acuity, wrongly assumed that the SBA also sent notice directly to Markowitz – which it did not. As a result of Graham's confusion, Markowitz never received notice for the date, time, and manner of the hearing and failed to provide a defense to the SBA's claims against Graham.

30. By reason of the premises, Graham is entitled to a decision setting aside the SBA Hearing Decision pursuant to the APA.

**COUNT II**
**DECLARATORY JUDGMENT SETTING ASIDE THE DEBT**

31. Plaintiff incorporates by reference the foregoing paragraphs with the same force and effect as if set forth herein.

32. Pursuant to the language in the Loan, the Corporation borrowed money from the Lender and not the SBA. Furthermore, the Loan documents have no language incorporating, referring to, or making mention of the Supplemental Loan Guarantee. Since the Supplemental Loan Guarantee was executed after the Loan, the Corporation is not a third-party beneficiary from the Lender's future obligations with the SBA.

33. Pursuant to the SBA Hearing Decision, on May 22, 2006, the Lender assigned the Loan to

the SBA.[1] As an assignee, the SBA stands in the shoes of the Lender. Consequently, the SBA assumed the Lender's release of Graham, as the named defendant in the New York Action, upon the filing of the stipulation to discontinue the action, with prejudice, with the Erie County Clerk.

34. Pursuant to the Loan (and incorporated into the guaranty), the Lender, Corporation, Kessler, and Graham agreed that "Any legal question concerning this Note will be decided in accordance with the law of the State of New York and the federal law of the United States without regard to the law of any other jurisdiction."

35. Pursuant to NY CPLR § 213, an action to be commenced on contract is six (6) years while a money judgment is presumed paid and satisfied after the expiration of twenty (20) years from the time when the party recovering it was first entitled to enforce it. NY CPLR § 211(b).

36. Pursuant to 28 U.S.C. § 2415(a), an action for money damages brought by the United States founded on a contract must be filed within six (6) years after the right of action accrues and its duration is twenty (20) years unless renewed. 28 U.S.C § 3201.

37. Pursuant to the New York State Action, the Corporation defaulted on the Loan on January 9, 2009. Consequently, as its assignee, the latest the SBA could have filed an action against Graham pursuant to either New York or Federal law would have been January 9, 2015. Since there was never an action (or judgment) filed against Graham, there can be no debt owed to SBA.

38. This Court has the authority to grant declaratory relief pursuant to the Declaratory

[1] SBA never provided a copy of the referenced assignment to Graham.

Judgment Act, 28 U.S.C. § 2201.

39. The controversy is of sufficient immediacy to warrant the issuance of a declaratory judgment.

40. A declaratory judgment will effectively settle the controversy between the parties regarding their legal rights, and thus obviate any future harm or uncertainty.

41. As a result of the foregoing, Graham is entitled to a declaratory judgment that no debt is owed to the SBA.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests judgment against the Defendants to vacate and set aside the SBA Hearing Decision and to declare that Graham is no longer indebted to the SBA, together with costs, disbursements, reasonable attorney's fees to the extent permitted by law, and such other and further relief this Court deems just and proper.

Dated: June 26, 2026

Michael A. Markowitz, Esq.
Michael A. Markowitz, P.C.
Attorney for Plaintiff Roland Graham
400 Garden City Plaza, Ste. 320
Garden City, NY 11530
(516) 295-9061
attorney@mampc.net

To:

United States Small Business Administration
409 3rd Street, SW
Washington, DC, 20416

Kelly Loeffler, Administrator
United States Small Business Administration
409 3rd Street, SW
Washington, DC, 20416